

**SIGNED this 09 day of April, 2008.**

_____
JOHN T. LANEY, III
CHIEF UNITED STATES BANKRUPTCY JUDGE
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| BENTON ALPHONSUS WADE AND | : | |
| MAEZINE ROBERTA TURNER WADE | : | CASE NO. 04-42349 JTL |
| | : | CHAPTER 13 |
| Debtors**.** | : | |

_____

| | | |
|---|---|---|
| BENTON ALPHONSUS WADE AND | : | |
| MAEZINE ROBERTA TURNER WADE | : | |
| | : | |
| Plaintiffs, | : | A.P. NO. 08-04003 |
| | : | |
| vs. | : | |
| | : | |
| HOMECOMINGS FINANCIAL, LLC., | : | |
| | : | |
| Defendant, | : | |

1

IN RE:                                          :
                                                :
GALEN EUGENE KLAUMAN AND                        :
DAWN LYNETTE KLAUMAN                            :      CASE NO. 05-41181 JTL
                                                :           CHAPTER 13
                Debtors.                         :
_____
                                                :
GALEN EUGENE KLAUMAN AND                        :
DAWN LYNETTE KLAUMAN                            :
                                                :
                Plaintiffs,                     :      A.P. NO. 08-04002
                                                :
vs.                                             :
                                                :
GMAC MORTGAGE , LLC.,                            :
                                                :
                Defendant,                       :

_____

### Memorandum Opinion

This matter comes before the court on Homecomings Financial, LLC's and GMAC Mortgage, LLC's (Defendants) motions to dismiss the Wades' and Klaumans' ("Plaintiffs") complaints, which allege improper assessment of fees by Defendants. After considering the pleadings, evidence, applicable authorities and arguments of counsel, the Court finds as follows.

### Findings of Fact

Plaintiffs filed petitions for Chapter 13 relief, Defendants' attorneys were awarded attorney's fees and expenses in separate court orders when strict compliance orders were entered on Defendants' motions for relief from the stay. Plaintiffs allege that Defendants subsequently

assessed post-confirmation excessive and duplicative attorney's fees and costs when Defendants sent payoff statements to Debtors' counsel. Based on this assessment, Plaintiffs filed separate class actions alleging six causes of action against each Defendant. Defendants each subsequently filed a motion to dismiss.

## Conclusions of Law

Defendants first challenge the Court's subject matter jurisdiction pursuant to FRCP 12(b)(1) on the ground that Plaintiffs lack constitutional standing to bring this suit. Article III of the constitution provides that federal courts may only hear cases or controversies.[1]

The U.S. Supreme Court stated that "[s]tanding is an essential and unchanging part of the case-or-controversy requirement…."[2] In Lujan, the Court discussed a three-part test for standing:

> First, the plaintiff must have suffered an "injury in fact"--an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be fairly traceable to the challenged action of the defendant,

---

[1] U.S. Const. Art. III, sec. 2, cl. 1.  This applies to Bankruptcy Courts because their jurisdiction is derived from the district courts, which are limited by the case or controversy requirement. *See In Re Cult Awareness Network*, 151 F.3d 605, 607 (7th Cir. 1998).

[2] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

> and not the result of the independent
> action of some third party not before
> the court. Third, it must be likely, as
> opposed to merely speculative, that the
> injury will be redressed by a favorable
> decision.[3]

The court in *Lujan* went on to say that where, as here, standing is questioned at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim.[4]

Plaintiffs cite to *Elend v. Basham*[5] for the proposition that they sufficiently allege a concrete, particularized, and actual or imminent harm.[6] However, the facts in *Elend* indicate that the court there did not find that the plaintiff had standing where the plaintiff sought relief including being allowed to participate in future protests against President Bush.[7] Indeed, the court in *Elend* found that the injury suffered by the plaintiff was both inchoate and lacked redressability.[8]

---

[3] *Id.* at 560 (internal citations and quotation marks omitted).
[4] *Id.* at 561.
[5] 471 F.3d 1199 (11th Cir. 2006).
[6] *Plaintiffs Response to Defendant Homecoming Financial, LLC's Motion to Dismiss Complaint* ("Response"), Page 4.
[7] *Elend* at 1209.
[8] *Id.*

The court in *In Re Smith*[9] applied the *Lujan* test, and determined that Debtor had standing. In *Smith*, the defendant collected attorney's fees from the debtor that the plan did not approve. Therefore, the court found that the debtor had suffered an injury in fact (because the fees were collected), that there was a causal connection (because the act of collecting the fees from debtor violated debtor's rights), and redressability (because if debtor prevailed, the fees would have to be returned).[10]

The facts in the instant cases are distinguishable from the facts in *Smith*. Here, the Plaintiffs only allege that the amounts assessed exceeded the amount approved by the Court. However, the Plaintiffs do not allege that they paid any excess fee to the Defendants and therefore they never suffered an injury in fact. While the court notes Plaintiffs' argument that Plaintiffs have a possibility of being charged and actually paying these fees in the future, that is insufficient to establish an injury in fact. Any ruling from the court before any excessive fees were collected would amount to a directive compelling Defendant to obey the law in the future, and in the 11th Circuit it

---

[9] 299 B.R. 687 (Bankr. S.D. GA 2003) (Walker, J.).
[10] *Id.* at 690.

has been established that such an injunction is

impermissible.[11]

    Since Plaintiffs fail to allege an injury in fact, the

court must dismiss this case pursuant to FRCP 12(b)(1) for

lack of subject matter jurisdiction. The court will not

opine on any of the other issues raised or responded to as,

without subject matter jurisdiction, any such discussion

would be *dicta*. Defendant's motion to dismiss is GRANTED.

    An order in accordance with this opinion will be

entered in each of the above cases.

---

[11] *See Burton v. City of Belle Glade,* 178 F.3d 1175, 1201 (11th cir. 1999).